People ex rel. Touger v Warden, George R. Vierno Ctr. (2022 NY Slip Op 03340)

People ex rel. Touger v Warden, George R. Vierno Ctr.

2022 NY Slip Op 03340

Decided on May 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2022-03440 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. David Touger, on behalf of Quasawn Williams, petitioner, 
v
Warden, George R. Vierno Center, etc., respondent. David Touger, New York, NY, petitioner pro se.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Danielle M. O'Boyle, and Timothy J. Shortt of counsel), for respondent.
Writ of habeas corpus in the nature of an application to release Quasawn Williams upon his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 70312/2022.

ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail upon Queens County Indictment No. 70312/2022 is set in the sum of $350,000 posted in the form of an insurance company bail bond, the sum of $1,500,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $350,000 deposited as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash alternative set forth above, Quasawn Williams shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Queens County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Queens County; (2) remain confined to his residence in New York City, except for visits to his place of worship, his attorney, his doctors, or court, and must travel directly from his home in New York City to his place of worship, his attorney, his doctors, or court, and directly back to his home in New York City, when conducting those visits; (3) surrender all passports, if any, he may have to the Office of the District Attorney of Queens County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that Quasawn Williams (1) has given an insurance company bail bond in the sum of $350,000, has given a partially secured bond in the sum of $1,500,000, with the requirement of 10% down, or has deposited the sum of $350,000 as a cash bail alternative; (2) has arranged for electronic [*2]monitoring with a qualified entity pursuant to CPL 510.40(4)(c); (3) has surrendered all passports, if any, he may have to the Office of the District Attorney of Queens County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) has provided to the Office of the District Attorney of Queens County an affidavit, in a form approved by the Office of the District Attorney of Queens County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which Quasawn Williams is incarcerated, or his or her agent, is directed to immediately release Quasawn Williams from incarceration.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court